DAVID B. DEDA, District Attorney, Price County
You have requested my opinion on the question of whether the county highway department may charge towns a fee of one percent of project cost to cover administrative costs of road work performed by the county for the town.
As I understand it, the Price County Highway Committee established the one percent charge in 1961. It was apparently patterned after the one percent fee the Department of Transportation, Division of Highways, pays counties to compensate for the administrative costs generated when counties do work on state highways.
It is my opinion that counties may charge a one percent of project cost administrative fee for work done on municipal roads. Authority to do so is necessarily implied from counties' express authority to enter into contracts to do road work for municipalities. Section 83.035, Stats., provides as follows:
 "Streets and highways, construction. Any county board may provide by ordinance that the county may, through its highway committee or other designated county official or officials, enter into contracts with cities, villages and towns within the county borders to enable the county to construct and maintain streets and highways in such municipalities."
This grant of authority was originally sec. 59.08 (35), Stats. (1953). It was repealed and recreated as sec. 83.035, by ch. 651, sec. 21, Laws of 1955. In 36 OAG 69 (1947), sec. 59.08 (35) was interpreted as follows:
 "The compensation the county charges for this work is covered by the contract with the municipality and the charges *Page 322 
may well include such items as insurance, depreciation of equipment, and the wages of the county employes for the time they are engaged in work for the municipality." 36 OAG at 70.
In accordance with my predecessor's interpretation, I conclude that the compensation received by the county for work done pursuant to sec. 83.035 is simply a matter of contract between governmental units. Administrative expenses are legitimate costs of a project. There is nothing in the language of sec. 83.035, Stats., that requires counties to absorb such costs. Therefore, a contract may include a fee to reimburse the county for administrative costs incurred. If such a fee is to be charged, it should be clearly incorporated in the contract agreed upon.
As you point out, sec. 499 of the Uniform Cost Accounting System for Wisconsin County Highway Departments is indicative of the legitimacy of the one percent charge. The Uniform Cost Accounting System is imposed on counties by sec. 83.015 (3), Stats. Section 499 provides:
 "The county may establish a policy, similar to that now in use on state work, of adding a 1% loading on work performed for all local units of government other than the county itself. The credit for this percentage is reflected in this account.
 "Credit the administration memo fund with amounts entered in this account."
In spite of its language, sec. 499 cannot be construed as a grant of authority for such charges. Section 83.015 (3), Stats., does not authorize charges or expenditures. Rather, it simply establishes uniform accounting procedures for highway monies raised, appropriated and expended under authority of other statutes.
However, the very existence of sec. 499 is supportive of the proposition that the charge is authorized by and within the contemplation of sec. 83.035, Stats. The fact that the manner of accounting for the one percent fee (if charged) has been established pursuant to sec. 83.015 (3), Stats., is a clear manifestation that various state agencies and the county boards have construed such charges as appropriate and proper in conjunction with contracts under sec. 83.035, Stats. Administrative interpretation of a statute by officers charged with its implementation is entitled to great weight *Page 323 
if such interpretation is longstanding, uniform and unchallenged.Department of Taxation v. Miller (1942), 239 Wis. 507,300 N.W. 903.
RWW:DCM:CAB